To: The United STATE DISTRICT Court # 4:22-cv-00154-0

For The Northern DISTRICT of The STATE of Texas

Honorable United STATE's DISTRICT Judge "Sir" Mr. Reed. O'Conner

DATE March 28-2022 on case number # 4:22-cv-154-0

APR 1 4 2022

"_Amended Complaint_" on Jurisdiction Appeals on WC

356. Fed. Appx. 756 (2009) Freddie. Monror. Pickett "Complainant"-"Plaintiff"

CTSTARTH

vs

STATE of Texas et. al "Government employee's"

Now our Lod be with You Judge. Reed. O'conner and all the STATE of Texas et. al "amended Complaint" sence (1822) a complaint that modifies and replaces the original 42-usc-1983 Pages five (5) to (17) seventeenth told the hold storn? original Complaint by adding relevant matter's that occurred before or at the time the action began Fed. R. Civ. Pro. 15a: Request before Jury Trial in Case # 4:22-cv-154-0 "Breach of Contract" In CR: 30536 + CR: 13919 and Appeal case # 02-19-00090-CR Court of Criminal Appeals W13919-01-WR 62-048-65 23331.— In general N. b. 2011. New Trial may be granted if court finds that verdict is against weight of evidence. trial was unfair CR: 13919 Hood. Co City Granburn-Tx. or Prejudicial error was committed in course of trial. Fed. Rules Civ. Proc Rule 59(a) 28 u. s. c. A. — Mid-Continent Cas. Co v Eland. Energy, Inc — 795 F. Supp. 2d 493

fake Indictment CR: 30536 Simple Assault altered to Ass Assault with a — deadly weapon 179. — Mode or means of committing offense! Tex. Crim App. 2011 when a statute lay's out several alternative methods of committing the offense. and the indictment alleges only one of those method. the law as authorized by the indictment is limited to the method specified in the indictment — Leick v STATE.
349. S. W. 3d 542

4/7/22

Page 1 of. 25. J.m.P

Edna J. Kincaid
ID# 132333036
Notary Public, State of Texas
My Commission Expires
1/17/2024
Notary Without Bond

189.5 Punitive damages Bhaskor S.A. TEX 2011 Under Texas law, Punitive damages are justified only upon Proof of fraud, malice, or gross negligence by clear and convincing evidence v. T.C.A Civil Practice & Remedies Code 3 41.003 — In re Peterson 452. B.R.203

"Amended Complait" on 42 USC 1983 Case # 4:22-CV-00154-0. to redress the derivation. under color of STATE law. or rights secured by the Constitution of the United STATE's. This Court has Jurisdiction under 28.U.S.C. 1331 and 1343(a)(3). "Complainant" seek deleratory relief to 28 U.S.C section 2201 and 2202. "Complainant" claims for injunctive relief are authorized by 28 U.S.C Section 2283 + 2284 and Rule 65 of the Federal Rules of Civil Proc- "Complainant" Freddie. Monroe. Pickett Prison in T.D.C.J ID # 00249871. STATE Texas: "Northern District" Fort Worth Tx Division:

Defendants STATE OF Texas: 356. Fed. Appx 756 (2009) all Defendants are listed Page. 1 on 42-us-1983. The bis Problem is listed on Page.5 what Texas Dept-Public Safety // www.dps.texas.gov on Feb-23-1995 Simple Assault CR! 30536 Record and Classification Huntsville. Tx Debra. Gibb is listed Ass Assault with deadly weapon. was altered by D.A. Dale. Hanna. Johnson. Co City Cleburne. Texas. falsely imprisonment from 2004 2003 tell Dec-2005 21 months Judge Wayne. Birdewell took has Part in altered Crime CR! 30536 and Clerk. David. R. Gloyd altered sentence "Conspiracy" with TDCJ. Records Classification. Debra. Gibb see Page 16 + 17 on 42 USC 1983 file at this "Breach of Contract" Code and Grounds Page 7 to Page 10 on 42 usc-1983 explain it self. why Complainant "Request Jury Trial Now"

.2 F.M.P

Jurisdiction – Complaint of Judicial Misconduct & Professional Misconduct

Director Steven C. McClaw. of Texas Department of Public Safety (512-424-2000)

The b is Problem online Texas Department of Criminal Justice dosent match Criminal history Dates/28 usc–2254 Won docket number #09-9767 because Dec-18-2010 the circuite Judge made ruleins on #09-9767 includins National Crime Information Center (NCIC) Report CR:30536 Feb-23-1995 is Simple Assault "insted." "STATE OF TEXAS et. al has altered filins to Ass-Assault with a dedly weapon was used in trial. Jury trial Misled Jury in CR:13919 – Breach of Contract by STATE attorneys in CR:13919

          Pursuant to 28 usc § 2254 file December-18-2010 docket #09-9767 Chief United STATE Circuit Judges Priscilla. R. Owen. Senior United STATES Circuit Judge Edith B. Clement. and retire U.S.C Judge Emilio. M. Garza. filled to so online correct CR:30536 Feb-23-1995 Simple Assault signed by Johnson. Co Judge Honorable Blackwell. was altered to Ass Assault with a dedly Weapon. by STATE OF Texas Administration in Johnson. Co. City Cleburne. Tx. 2019. Feb in Hood. Co. City Granburn, Tx 355th Judicial District Court CR:13919 Use fake indictment CR:30536 Ass Assault with a dedly weapon to enhance enhancement sentence CR:13919 Jury was misled.

          The above Judges was misled by computer Error. By Johnson. County 249th Judicial District Court. under Judge Wayne. Birdewell Pursuant to 28 usc § 2254 file December-18-2010 docket number. #09-9767. a Prisoner may move the Court to Vacate. set aside.

                    #.3 J.m.P

or to correct a sentence if "the sentence was imposed in violation of the
Constitution laws and rights of the United STATES, or the Court was

without Jurisdiction to impose such sentence. Because of Errors by

Circuit Justice above the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack 28 usc 2254

Because the Circuit Judges didn't correct records. This Court must then

conside weather failure is on "Circuit Judge's" because of "Records". they failure

to correct. Honorable Judge Reed, O Conner trying to block truth? or is

He? Petitioner had the burden of Proving two claims: element CR:30536

Petitioner file "NCIC report" with 28 usc 2254 suffen Evidence. show-

ing CR:30536 Feb-23-1995 Simple Assault. STATE OF Texas et. al altered

CR:30536 to Ass Assault with a deadly weapon? what was the weapon on

"Wendy Bryant" wasn't one(1) Petitioner has the burden of Proving two elements.

   First Petitioner must show that STATE OF Texas, et.al Performance was

deficient. Professional Mis conduct. meaning "STATE attorneys" Government

emPloyee was not functioning as a ~~Corexent~~ Competent advocate Id. at

687 104 S.Ct.2052: Second. the Petitioner must show the deficient Perform-

ance Prejudiced the defense for the Petitioner or the "Appellant. Complainant"

   This require showing that the Circuit Judges errors were so serious

as to derrive the Petitioner defence in Jury Trial CR:13919. This Court

must indulge a ~~sta~~ strong Presumption that counelors for STATE OF Texas

et.al conduct falls within the wide range of Professional Misconduct

.4 J.mp

Jurisdiction "Amended Complaint" Judicial Misconduct +

for example 249th Judicial District Court. Johnson County. City Clebeurn. Tx on Feb-23-1995, receiving deferred adjudication Probation for (5) five years after (4) four years 11 month's 23 days. Probation Office Mike. Hanna was to walk me accross street to have sentence suspended. Freddie. Monroe. Pickett made smart remark about woman in Probation office. this happent to be "Mike. Hanna". daughter! on Dec-29-2003. Johnson Co. City Cleburne. Tx did more then Modifies CR: 30536 simple Assault modified to Agg Assault with a deadly weapon. also altered Discharge April-12-2003 to April-12-2004. was falsely imprisonment in TDCJ 21 months. it was improper for court to use a nunc Pro tunc order to add a deadly weapon finding to a conviction that had been obtained in Plea bargain Proceeding, in which weapon was never contemplated CR: 30536

[ EX Parte Dopps. 723 S.W.2d 669.670-671 (Tex. Crim. App. 1986) order may not be used to correct Judicial omissions but see Ex Parte Empey. 757 S.W.2d 771.774-775 (Tex Crim App. 1988) trial Court CR: 13919 made implict deadly weapon finding at original Jury trial Page 39. in Transcript CR: 13919. "Plaintiff "for example, a nunc Pro tunc order may occasionally be used to correct a Judicial omission that was unfavorable to defendant. Complainant "file a "nunc Pro Tunc" in 355th Judicial District Court. Hood. Co. City Granbury. Tx To: Clerk Tonna. T. Hitt she's has failure to correct records in CR: 13919 use fake Indictment CR: 30536

5 J. mP

Date: March 28-2022   To Honorable "Mr. Reed, O'Conner" old Cowtown Division

United States District Court Northern District of Texas

"Judicial Misconduct" and "Professional Misconduct" Clerk's and court

Reports Mislead Circuit Judge's In Question Docket #09-9767

//

249th Judicial District Court Feb-23-1995 under Judge Blackwell

Case # CR:30536 Simple Assault. "The same on NCIC Report today"

355th Judicial District Court Feb-2014 under Judge. R. Walton

Case # CR:13919 used altered government document CR:30536 in Jury

trial altered to Ass Assault with a deadly weapon CR:30536. On NCIC

Report CR:30536 Simple Assault. W13919-01 "When to".

//

Court of Appeals 2nd District of Texas "old Cowtown" #02-19-00090-CR

Judge David. Even. www.txcourts.gov/2ndcoa; Clerk. Debra. Spisak.

//

Court of Criminal Appeals - Clerk. Deana. Williamson W13919-01-WR. 62-048-05

Petition for Discretionary review was filed 8-17-2020 and was refused on

9-16-2020, failure to "code of Conduct" mislead Justice Priscilla. R. Owen.

Senior U.S.C. Judge Edith. B. Clement (retired) Judge. Emilio. M. Garza.

Complainants has shown "Fraud". "Organize Crim" "Conspiracy"

In the above case's CR:30536 altered Charge Simple Assault to

fake Indictment CR:30536 Ass Assault with a deadly weapon.

was used in CR:13919 to enhancement 15 year sentence.

Indictment CR:13919 Control Substance less than one gram Cocaine

none was shown to Jury. None was tested. Nore was Photograph

Request This Investigation be filed electronically to 2nd +

Pickett vs STATE OF Texas et.al case # 4:22-CV-00154-0

.6

A

To: Clerk. Debra. Spisak. Court of Appeals

Second District of Texas. Bill Excourt. 5th District

Re: Pickett. Monroe. Freddie. a/k/a Freddie. Monroe. Pickett    COA# 02-19-00050-CR

vs.

STATE OF TEXAS — Trial Court # CR: 13919 — W13919-C — W13919-01

CCA-W13919-01 — WR-62-048-05 — CCA# PD-0701-20

OBJECTION MEMORANDUM OPINION

1. A Jury 1 found Freddie. Monroe. Pickett guilty of possession of less than scim of controlled substance. Cocaine. Two Deputies. Hood county testify. No cocaine was every found on Appellant. Court Reporter "lied" Perjury himself by waveing Popper in fround of Jury. declairing he had tested evidence.? No test result in transcript CR: 13919. "nor D.N.A results" on Pase 39 on Transcript "Deputies, both testify to Jury and friendly witness their was No cocaine: Art. 11.0731 (a) in case CR: 13919 material described by Court Robert. French. cocaine wasnt tested at laboratory. Nor found by esther arresting Hood. Co Deputies: also at the laboratory that ceased conducting D.N.A testing? Appellant's D.N.A wasnt found by the Texas Forensic Science. See Judge Walton certified mail to Appellant. "He "the Court found No D.NA result in the "Glass Pipe" or Paraphernalia was all Hood. County Deputies found on Appellant. See Pase 39 in Transcript CR: 13919. "NO cocaine found" or tested: (2) on memorandum opinion. Appellant. was order by Bid Attorney. Richard. Hatlox to sign True. He said something about enhancement on sentence. He stated. He'd have me. Appellant bench warrant back to reduce sentence; why would Appellant agree to have sentence enhancement? (3) Safety Code 481.115 Tex. P. Code Ann 12.425 (6) I live block from school. incident didnt happen there.

y. m. P. 7

13

Rule: 33.2 (b) Evidence. When the appellate record contains the evidence needed to explain the Bill in dr:13919 the Indictment CR:30536 Agg Assault with a deadly weapon did not have transcript of CR:30536 or CR:130536 "No Cocaine"—No D.N.A in transcript CR:13919 or in CW13919-1. In Criminal Case's. the Clerk's record's must be made in duplicate, 34.5(B) Any supplemental clerk's record's will be Part of the appellate record's. Failure to apply in #02-19-00090-CR 34.5(c) if the appellate court in criminal did not order's trial court to prepare and file finding's of facts. and conclusion's of law as required by law. or certification of the defendant's right of appeals as required by these rules. the trial court clerk must Prepare certify. and file in the appellate a supplemental clerk's Record's containing No transcript CR:30536 only fake Indictment.

This Court should contact Texas Department of Public Safety 512-424-2474 on request for Public criminal history Feb-23-1995 case# CR:30536 Simple Assault. http://www.dps.texas.gov/administration/crime records/index see: Pickett vs Judge. David. L. Evan's 202005713: BODA Case# 65011 Jan-22-21 Re: Pickett vs Richard. Hattox #202100041—Jan-15-2021 No word Back from the STATE Bar of Texas

Re: 202005291-Pickett vs Timothy Ryan. Sinclair. No word back from STATE Bar of Texas Complaint file on the above "Professional Misconduct" file on R. Walton "Judicial Misconduct" No Word from STATE BAR OF TEXAS? Nor on Clerk. Tonya. T. Hitt or Court Reporter. Robert. French

.8 y.m.P

To: the first (3) three Clerk's "Professional Misconduct" David. R. Lloyd Johnson. Co. City Cleburne. Tx / Tonna. T. Hitt_Hood. Co. City Granburn Tx. 2nd District of Tx. Court of Appeals_"old Cowtown" Debra. SPisak. Their No Statute-of-limitation in State or Federal Courts on "materail evidence". If our God be willing. You (3) three will lose more then your Jobs. You've miss-lead federal court system with your "Professional Misconduct"(!) Cite as 271. s. w. 3d 698 (Tex. Crim. App. 2008) "cover up" in CR: 30536 & CR: 13919 & #02-19-00090-CR.

Constitutional Law ○— 4554(1). To Protect a criminal defendant's rights to a fair trial in CR: 13919. The Due Process clause of the Fourteenth Amendment requires the Prosecution to disclose exculpatory and impeachment evidence to the defence that is materail to either guilt or Punishment u.S.d.A—Amend. 14. their was no "fake transcript"? with fake Indictment CR: 30536 Material evidence in Transcript CR: 13919_ fake Indictment CR: 30536

(2.) Criminal Law ○— 1992. To succeed in showing a Brady Violation. an individual must show that. (1). the evidence is favorable to the accused because it is exculpatory or impeachment: (2). the evidence was suppressed by the government or Person acting on the governments behalf. either inadvertently or will fully and (3). the suppression of the evidence resulted in Prejudice - i.e. materiality 3. In Brady context. evidence is materail to guilt Punishment only if there is a reasonable Probability that had the evidence been disclosed to the defense. the result of the Proceeding would have been different: a- "reasonable Probability" is a Probability sufficient to undermine Confidence in the outcome: the 3 three above Clerk's Suppressed evidence in CR: 30536_ CR: 13919 _ W13919-1_ W13919-01-WR. 62-048-05.

9 J.m.P

Example. To: Judge Mr. Reed O'Conner — Because of the Misconduct

in the lower courts. Mislead Chief United STATE'S Circuit Judge Priscilla.

R. Owen: Senior United STATE'S Circuit Judge's Edith. B. Clement: and

retired U.S. d Judge. Emilio. M. Garza. again government agent

J. L. Slawson in 42 use-1983 # 4:08-cv-067-4-Aug-28-2008 was

mislead "Pickett v Slawson F. Supp. 2d. 2008. WL. 4056157"

Pickett v Slawson. 326. Fed. Appx. 304 (2009) # 08-10900 STATUTE OF

Limitation's is no defence. appearantly J.L. Slawson done No back-

ground check on "NCIC report" nor did the (3/three Clerk's in Quest-

ion: Pickett v STATE OF Texas 356. Fed. APPx. 756 (2009) # 09-10368. These

Clerk's in CR!30536— CR!13914 and #02-14-00090-cr. Committed Criminal

Act's. because of there action aggravated assault in Pickett v TDLJ-CID

F. Supp. 2d. 2010 WL. 4955782. their No Assravated Assault "on NCIC-

Report. Pickett made No Brole'. Discharge April-12-2003. STATE officials

Altered more then discharge Paper work: from TDLJ-CID. Printout fake

Indictment CR!30536 Simple Assault Feb-23-1995 instead of

"Aggravated Assault." Clerk's add with a deadly weapon. then chance

word word "Simple" to "Aggravated" add with a deadly weapon in

CR!30536 was used by Clerk Tonna. T. Hitt and court Reporter Robert

French to enhancement of sentence. 28 usc-2254 No back ground

check was done on Inmate-offender. Freddie. Monroe. Pickett TDLJ-ID#

was 1445722. Falsely imprisonment. Sincerely

Freddie Monroe Pickett

10

Honorable Judge. Reed. O Conner _____. If you are investigating. see what complaint file at "STATE BAR OF TEXAS" there nothing but Insu- Policy for STATE of Texas attorney's (3330) in Oct 2009 Supreme Court Book not worth of two cent. It dose not tell the true story" sir" March 13-2004 after being beaten. I gave my life and soul to Christ Jesus, later at the "Glasshouse" TDCJ Coffield Unit I again was beaten. raped. stabbed 11x, this is a moment that don't never leave you. I stopped doing hard drug's "2009" because of head wond. I legaly got other Drug's for "Seizure" grandma seizures." If you Put action to "Judicial Misconduct" to federal Judge's Decision." then New about STATE OF TEXAS Administration modifing government documents. and did nothing. in CR!13919 STATE Bar of Texas find D.A. Robert. Christin ten dollars. and ask him to step down from Hood. County District Attorney! If you Judge "O Conner" take Action God will Bless you many time's to come. John. Key my Buddy. He wont to know. when Im going home? 817-925-1620. I done nothing wrong in esther (CR! 30536 then) and Now CR!13919. Because federal 42 USC 1983 took No Action. district court stile doing there B.S to get money. from Tax Paider: God Bless You. Judge O Conner, You got more balls then any man. if you Procurste this? May I Please have a copy of 28 usc =2254 file 2009. Richard. Hattox keep mine. John. Key Read the original: Thank You.

some thing's you dont forget
as a Christain. I have to
forgive:

Freddi Monroe Pickett

.11

"Judicial Misconduct    Evidence 2542.1 — In general

S.D. Tex. 2010. When evidence exists in summary judgement records but nonmovant fails to refer to it in response to motion for summary judgement that evidence is not properly before the district court. Fed. Rules Civ. Proc. Rules 56, 28 U.S.C.A — Chambers V Sear's. Roebuck. and. Co. 793 F. Supp 2d 938. affirmed 424 Fed Appx. 400.

⌐2544. — Burden of Proof— C.A.5 (Tex.) 2011. When a Party seeks summary judgement Pursuant to an affirmative defense, such as a statute of limitation, the movant must establish all of the elements of the defense — Citisroup Inc V Federal Ins. Co. 649 F. 3d. 367

S.A. Tex. 2011. To obtain summary judgement movant must demonstrate the absence of a genuine issue of material fact but need not negate the elements of nonmovant's case Fed. Rules Civ Proc. Rule 56(c), 28 U.S.C.A — Limon V Berruco Barge Lines L.L.C 787. F. Supp 2d. 580.

Jurisdiction And Powers In GENERAL ⌐ 3.1 In general C.A.5 (Tex.), 2011. A district court has the inherent Power to Protect its Jurisdiction and judgement and to control its dockets — Hollinger V Home State Mut. Ins. Co 654. F. 3d. 564:

C.A. 5. (Tex.) 2011 When federal district court has original subject matter jurisdiction over claim, that jurisdiction is not discretionary with district court, and can neither be conferred nor distroyed by Parties waiver or agreement — Cuevas V BAC Home Loans Servicing L.P 648. F. 3d 242.

.12 J.m.P

Jurisdiction - Complaint Judicial Misconduct or Disability:

II. Proceedings, OFFENSES, PUNISHMENT, AND PERSONS INVOLVED OR AFFECTED.

23. Civil or criminal nature: Tex. App.-El Paso Tx 2009. In the constitutional sense, "Jeopardy" generally refers to the risk traditionally associated with a criminal prosecution and is not present in proceedings that are not essentially criminal. U.S.C.A. Const. Amend 5.- In re. R.A 346 s.w.3d 691

"Double Jeopardy" clause does not bar both a remedial civil proceeding and a criminal prosecution based on same conduct. U.S.C.A. Const. Amend. 5-ID.

In certain rare cases, a civil proceeding may be considered punitive for "double jeopardy" purposes if the penalty cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either a retributive or deterrent purposes; to determine if a given civil sanction the constitutes punishment, an appellate court assesses the penalty imposed and the purposes served by it. U.S.C.A Const. Amend 5 - ID

2004 Judge Wanne. Birdewell other STATE officials altered CR:30536 simple Assault Feb-23-1995. In 2004 was altered to Ass Assault with a deadly weapon: In Feb-2019 same fake Indictment CR:30536 was shown to Jury in CR:13919 to enhancement of CR:13919.

Two conditions are necessary to implicate double jeopardy in the context of a STATE's appeal:(1) Jeopardy must have attached, as when a Jury is empaneled and sworn in a Jury trial in CR:13919 (2) the State's appeal must threaten the defendant with an impermissible successive trial. U.S.C.A. Const Amend 5 - ID

.13 7.m.l

CHAIR
DAVID M. GONZALEZ

VICE CHAIR
KELLI M. HINSON

MEMBERS
JESSICA Z. BARGER
GUY D. CHOATE
JOSEPH F. CLEVELAND, JR.
MIKE GREGORY
MICHAEL C. GROSS
RUDOLPH "RUDY" K. METAYER
MIKE MILLS
WILLIAM W. OGDEN
NANCY J. STONE
CINDY V. TISDALE

EXECUTIVE DIRECTOR
& GENERAL COUNSEL
JENNY HODGKINS

DEPUTY DIRECTOR
& COUNSEL
MATTHEW J. GREER

EXECUTIVE ASSISTANT
JACKIE TRUITT

# THE BOARD OF DISCIPLINARY APPEALS
## APPOINTED BY THE SUPREME COURT OF TEXAS

January 22, 2021

Freddie Monroe Pickett
#02249871, Hutchins Unit
1500 E. Langdon Rd.
Dallas, TX  75241

RE:   Disposition of Appeal Notice
      Freddie Monroe Pickett  v. David L.  Evans
      202005713; BODA Case No. 65011

Dear Mr. Pickett:

On January 21, 2021, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas considered your appeal from the dismissal of your grievance.  The Board is a separate body from the State Bar of Texas Chief Disciplinary Counsel who screened your grievance when you filed it.  After reviewing your grievance as you originally filed it and no other information, the Board has determined that the conduct you described in the grievance does not violate the Texas Disciplinary Rules of Professional Conduct or is otherwise not actionable under the Texas Rules of Disciplinary Procedure.   Therefore, the Board affirms the dismissal of your grievance.

This decision concludes your appeal, and the Board has closed its file.  The Board's decision is final.

Information concerning the disciplinary system, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure are available at www.texasbar.com.  The Board's Internal Procedural Rules are available at www.txboda.org.

Very truly yours,

Jenny Hodgkins
Executive Director & General Counsel

JH/jt

cc:   David L.  Evans

Office of the Chief Disciplinary Counsel
State Bar of Texas
PO Box 13287
Austin, TX 78711
(512) 427-1350
(877) 953-5535 toll free

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

October 26, 2020

Freddie Monroe Pickett
Inmate #: 02249871
Hutchins Unit
1500 East Langdon Road
Dallas, TX 75241

Re: 202005291 - Freddie Monroe Pickett -Timothy Ryan Sinclair

Dear Mr. Pickett:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has received your grievance against the above named lawyer.

Lawyers licensed in Texas are governed by the Texas Disciplinary Rules of Professional Conduct, and may only be disciplined when their conduct is in violation of one or more of the disciplinary rules. When a grievance is received, this office conducts an initial review to determine whether the alleged conduct would be a violation of the ethics rules. If the conduct does not allege a violation, the grievance is classified as an Inquiry and dismissed with a right to appeal the dismissal. If the conduct alleges a violation, the grievance is classified as a Complaint and investigated. We have concluded that the conduct you described is not a violation of the disciplinary rules. Thus, your grievance has been classified as an Inquiry and dismissed.

If you would like further review of your grievance, you may choose one of the following two options:

1. Amend your grievance and re-file it with additional information that will assist us in determining whether the lawyer violated the disciplinary rules. (Examples of additional information that may be helpful include: correspondence/emails between you and your lawyer, fee agreement/contract with your lawyer, the approximate date your lawyer's conduct occurred, etc.) It is not necessary to list the disciplinary rules you believe were violated. You have twenty (20) days from your receipt of this letter to re-file your amended grievance.

**OR**

2. Appeal this decision to dismiss your grievance to the Board of Disciplinary Appeals. You must submit your appeal directly to the Board of Disciplinary Appeals by using

,15

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

January 15, 2021

Freddie Monroe Pickett
Inmate #: 02249871
Hutchins Unit
1500 East Langdon Road
Dallas, TX 75241

Re: 202100041 - Freddie Monroe Pickett -Richard   Hattox

Dear Mr. Pickett:

The Office of the Chief Disciplinary Counsel of the State Bar of Texas has examined your grievance concerning the above-referenced individual and determined that these allegations have been previously considered and dismissed by The Board of Disciplinary Appeals. Accordingly, this grievance has been dismissed as an Inquiry.

You may appeal this determination to the Board of Disciplinary Appeals. You must submit your appeal directly to the Board of Disciplinary Appeals by using the enclosed form.  **You have thirty (30) days from your receipt of this letter to appeal this decision.**

In compliance with the Texas Rules of Disciplinary Procedure, the Office of the Chief Disciplinary Counsel maintains confidentiality throughout the grievance process.  If you have any questions about the dismissal of your grievance, I can be reached at (877) 953-5535.

Sincerely,

E. Hsu
Assistant Disciplinary Counsel

EHH/nw

Enclosures:   BODA Appeal Form

Cc:        Mr. Richard Hattox

*16 7.m.l*

Jurisdiction Appeals on Pickett v Texas 356 Fed. Appx 756 (2009)
Honorable Judge filed Rule 8.(a)(2), Because Circuit Judge's Garza, Owen
and Clement failure to correct records of the STATE OF TEXAS
CR:30536 feb-23-1995 on "NCIA report" Simple Assault online
Records and Classification Debra Gibb modifityed Simple Assault
on 2004 to Ass Assault with a deadly weapon on CR:30536
on Page 7 on 42-USC-1983 gives a little more detail to what
really habbited on Jan-2004 Johnson County modifilied
discharge from April-12-2003 to April-12-2004, incident
happened on Dec-11-2003 Plaintiff call 911 Deputy Jink
ran off Parole officer's on Oct 2003 and on Nov-2003

This Plaintiff is Just one in ten's of thousands
Texas People this has happened to Under Color of STATE LAW
of Right's secured by the Constitution of the United States
355th Judicial District Court enhancement CR:13919 with
fake indictment CR:30536 Simple Assault, see "NCIA Report"

Plaintiff has appealed Jurisdiction under 28.U.S.C Section 1331
and 1343(a)(3) Plaintiff seeking declaratory relief Pursuant to
28 U.S.C section 2201 and 2202. Plaintiff is "mentally retarded"
claims for injunctive relief are authorized by 28 USC-
section 2283.

17 J. mi P

**NOTICE**
**INMATE NOTARY PUBLIC SERVICE**

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), inmates incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each inmate must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

************************************************************************
*An **example** of an unsworn declaration pursuant to **State law** is as follows:*

"My name is _Freddie   Monroe,   Pickett_ my date of birth is _Nov-14-1956_,
(First)        (Middle)        (Last)

and my inmate identifying number, is _02249871_. I am presently incarcerated in

_NS/Fort Stockton Unit_ in _Fort Stockton_
(Corrections unit name)                          (City)
_Past_            _Texas_            _79735-9651_. I declare under penalty of
(County)         (State)         (Zip Code)

perjury that the foregoing is true and correct.

Executed on the _7th_ day of _April_, 2022. _Freddie M Pickett_"
(Inmate Signature)

************************************************************************
*An **example** of an unsworn declaration pursuant to **Federal law** is as follows:*

I _Freddie Monroe Pickett_ (insert inmate name and TDCJ number), being presently incarcerated in _Fort Stockton Unit_ (insert TDCJ unit name), in _Fort Stockton Tx_ _Past_ County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _7th_ day of _April_, 2022. _Freddie M Pickett_"
(Inmate Signature)

************************************************************************

**NOTICE**
**NOTARY PUBLIC SERVICE DENIAL**

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____          _____
(Signature - Notary)                                    (Date)

ATC-060                                                                                          03/2021

_18 J.m.P_

Date: March 21th-2022    To: Deputy Clerk. Milissa. Shanklin
Isle. W. Cance        Office of the Clerks

UNCONSTITUTIONAL ACT BY "Government Employee"
Federal Officials Deputy Clerk. "Milissa. Shanklin"!

Freddie. Monroe. Pickett TDCJ-ID#02249871 objects to Deputy Clerk ruleins:
"Complainant" objects to rule 28 U.S.C. §§ 351-364. The complaint on
Chief United States Circuit Judge Priscilla. R. Owen. Senior United States
Circuit Judges Edith. B. Clement and retired United States Circuit Jude Emilio
M. Garza: on Freddie. monroe. Pickett TDCJ-ID#1445772 Petitioner VS. STATE OF
Texas et.al docket#09-9767 case 356. Fed. Appx. 756. This Involvord's Mbsistate
Judge. Judith. k. Guthrie in his Judicial Misconduct in#6: 10-11-282 Date-
Oct-28-2010 "Code of Contract" Judge above and "Professional Missconduct"
against Defendants Attorney general Mr. Tommy. L. Skaggs and TDCJ-DEN
"Code of Contract" on 4:08-cv-067-4. Because above Judge didn't invest-
asate case or do "Back Ground" check on "Complainant"

Neslisence on deputy clerk "milissa. Shanklin" government employee
is neslisence when she? Deputy Clerk "Cover up" fails to use reasonable care.
"Due Process" "Color" 31 U.S.C. § 3723(a)(1) False Imprisonment Dec-27-2003 to
Dec-29-2005 in Docket#09-9667: 28 U.S.C. 2254 holeins "NCIC Report" showins
No. Agg Assault with Deadly Weapon CR:30536 Simple Assault. I mailed
copy of 42-USC-1983 entered on 3-2-2022 10:52am filed on 2-28-2022
Pickett VS STATE OF Texas et.al ← that's alons with retired Mr. Guthrie
case # 4:22-cv-00154-O John. Ken's Law Firm I've sisn Power of Attorney
how do you think him and Debbie. Ken are Multy Milliowir's? they witness
case CR:13919 were fake Indictment CR:30536 was used: look on base
16. of the 42 usc-1983 was mail to you: Plus 11:07 I was told to mail it to?
"Thank You"            .19        Freddie Monroe Pickett

```
CSINIB02/CINIB02     TEXAS DEPARTMENT OF CRIMINAL JUSTICE           02/17/22
1N0K/MA00167                  IN-FORMA-PAUPERIS DATA                 14:16:29
TDCJ#: 02249871 SID#: 02165573 LOCATION: FORT STOCKTON   INDIGENT DTE: 03/20/19
NAME: PICKETT,FREDDIE MONROE          BEGINNING PERIOD: 08/01/21
PREVIOUS TDCJ NUMBERS: 00283180 00904639 01445772 02044340
CURRENT BAL:          0.00 TOT HOLD AMT:        0.00 3MTH TOT DEP:         4.58
6MTH DEP:            12.24 6MTH AVG BAL:        0.00 6MTH AVG DEP:         2.04
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
01/22      1.80           2.90         10/21      5.96           5.96
12/21      1.10           1.68         09/21      0.00           0.00
11/21      0.00           0.00         08/21      1.70           1.70
```

STATE OF TEXAS COUNTY OF
ON THIS THE    DAY OF          ,  , I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____  OR SID NUMBER: _____

For The Northern District of Texas
Fort Worth Division

"Plea Barggin" Negotistor

To: Honorable Judge Reed, O'Conner Whats filed at Texas Department of Public Safety criminal history dosent matt match what Records and Classification at TDCJ-CID dosent match the "NCIC report"

The big Problem Pickett v Texas 356 Fed. APP 756. (2009) "Complainant" hand wrote 28 usc 2254 2009 at TDCJ Jordan Unit. North letter from Attorney General "Grry Abbott" who's now governor! attach to the 28 usc 2245 was "NCIC report" and CR:30536 Feb-23-1995 Simple Assault STATE OF Texas et.al modified? altered CR:30536 to Agg Assault with a deadly weapon was used in 355th Judicial District Court Hood. Co. City Granbury. Tx CR:13919. My appeal Lawyer, Andrew. Ottoway, remined "Complainant" of 28 usc 2254 and what was on it. in #02-19-00090-cr. a "NCIC report" was attached to transcript CR:13919 Court Report told Jury in CR:13919 NCIC report was all X'ed out. Said it must of been computer error. "Complainant" showed ½ Martinez "NCIC report" and ½ Martinez Pulled up CR:30536 Agg Assault with deadly weapon Feb-23-1995. ½ Martinez seemed cofussied when "I" Complainant showed him Public Criminal History on "Complainant" "Martinez-Supervisor R. Paredes", refussed to copy it. so I could us it as evidence agsinst STATE OF Texas.

#21          .21 7.m.P

Your Honor Sir because in Pickett v Texas 356. Fed. APP. 756 (2009) in case 4:22-cv-0154-0 failure to correct criminal history. CR#13919 used CR:30536 to enhancement of sentence. 249th Judicial District Court Judge Wayne Birdwell had me falsely imprisonment Dec-27-2003 to Dec-29 2005 21 month. had me beaten raped in Prison the "Glasshouse" Coffield Unit. on Page 16 of the 42 use 1983 Notary 17th Feb-2022 33 Page's. Page 16 Enhancement ParagrAPH One [Tex Penal Code. Sec 12:35] more than a Error by Clerk Tonns. Trumble. Hitt dosent match "NCIC Report" she x'ed out to show Jury in CR:13919 was computer Error Court Reported Robert French stated: I had a old Law Firm Buddy file Motion To Discovery Evidence Tr ct No#W13919-01-WK-62-048-05 Clerk. Deann Williamson On this day this Court has dismissed NCIC applicants Feb-1-2022 is on Page 26 of the 42-usc-1983:

"Respectfully" Sir I worked for Debbie. Key_ Mr. John. Key wife. 9 to 11 years on and off, He own's "STATE FARM Ins- Company". Then also set at 355th Judicial District Court where fake Indictment CR:30536 was used to enhance my sentence: On atached Step 1 Grievance #2022017314-Oct-14-2021 Texas Department of Pulbic Saftey Beruth is telling Texas Department of Criminal Justice will issue "Me" copy of "NCIC report" if Complainant is Indigent. "NCIC Report" dosent match with Texas Department of Public Safety "NCIC Report"

Law- Policy- Criteria: If Complainant"? stepped in some dog Po-Poo Complainant need to clean his own boots off. right out of Buddis Mouth Mr. John. Key.

#22 J.mP

A breach of contract civil law, failure for (3) three Circuit Judges to perform the requirements of a contract. Under Louisiana law up to 1984. Passive breach of contract was contrasted with Pickett v Texas 356. Fed. APPX 756 (2009). active breach of contract. which was negligence in Performing 356. Fed. APPX 756 (2009) a contractual obligation. While an active breach of contract could give rise to claims in 42 usc-1983 file on or about 17th Feb-2022: Pickett vs STATE OF Texas et. al 356. Fed. APPX. 756 (2009) did give rise to a tort claim. on "Plaintiff"

Judicial Misconduct complaint against Chief United States Circuit Judge Priscilla-R. Owen. Senior United States Circuit Judge Edith B. ~ Clement. "and retired" Judge Emilio M.Garza all and Defendants are "Breach of Contract" Honorable Judge Mr. Reed O'donner, Im seeking 25 million from the STATE OF Texas et. al. Because Circuit Judges took no action on 249th Judicial District Court "Modifies". altering CR: 30536 Simple Assault Feb-23-1995 to Agg Assault with a deadly weapon. In Dec-27-1999 I was revoke Probation on CR: 30536 Simple Assault discharge sentence April-12-2003 for Simple Assault CR: 30536 clearly on "NCIC Report" when 28 usc 2254 was file "NCIC Report" showing CR: 30536 Simple Assault. Because Circuit Judges above didnt correct records with STATE OF Texas et. al STATE OF Texas et. al exchanging substantive information or offer an offence in CR: 13919 Page 16 Page 17 on 42-usc-1983 showing evidence against the STATE OF Texas et. al also in Transcript CR: 13919 has fake Indictment CR: 30536.

#23 J.m.P

The Best Alternative to a Negotiated Agreement with this Court. I ask 15 year sentence be suspended on CR:13919. Their was No cocaine Art.11.0731(a) in case CR:13919 material described by court Reporter Robert French. cocaine wasn't tested at laboratory. None was found by esther Deputy's see: Page 39 on Transcript CR:13919. Deputies also testify to Jury No cocaine at the laboratory that ceased conducting D. N.A testing wasn't Plaintiff DNA found by the Texas forensic Science Commission revealed. "Professional Misconduct" in CR:13919 because Circuit Judges took No action on STATE attorney's in CR:30536 and CR:13919 Prosecution involved in these criminal activities. a syndicate of criminal's who are "government employee's rely on their unlawful activities for income!

Lower STATE Texas Court and Appeal Court Prosecution for purposes of crime of engaging in organized criminal activity by government employee's direct evidence CR:30536 of intent showing intent in CR:13919 + in Pickett v Texas 356 Fed. Appx 756 (2009) see: Fifth Circuit docket # 09-9767. and Circumstantial evidence is suffie!

Plaintiff has Approach and Communicated with Judge R. O'Conner Judge Reed. O'Conner will court order Circuit Judges in Pickett v Texas - 356 Fed. Appx 756. (2009) will correct records with the STATE OF Texas et. al on case CR:30536 Feb 23-1995 Simple Assault instead how the STATE of Texas et. al has it filed now Ass Assault with a deadly weapon. "Plaintiff" will be bench warrant back to Hood. Co 355th Judicial District Court. will Court order Grand Jury back to CR:13919 all "government employee's will apologize to Grand Jury for Perjury on CR:13919 and explain CR: 30536 is really Simple Assault. Plus Damage's"

#24 J. mil

Elements of an Arangments all Prehistory 42 use-1983: such as Judicial Misconduct Complaint on #05-22-90060 United States Magistrate Judge Judith K. Guthrie United States Court of Appeals Fifth Circuit will be return back to Deputy Clerk. Melissa Shanklin. will be corrected on Page 10 of original 42 use-1983 file 17th feb-2022: the word "Aggravated Assault" will be corrected F. Supp. 2d. 2008 WL 4056157

F. Supp. 2d. WL 895769 / F. Supp. 2d. 2009 WL 875050

326 Fed. APPx 304. 2009 WL 1532040 / 5 more not avilable at this time"

Pickett vs TXLS-LIA F. Supp. 2010 WL 4955781

This Federal Court need to STOP lower Courts stop "Conspiracy" "Fraud" "Organized Crim" You Jadies & Gentelmen need to clean hour stock Yards: Compensatory damage's in the amount of 25 million each defendants in above case's Do 21 months in federal Prison

Again on CR: 30536 Feb-23-1995 Judge Wayne. Birdewell will be fired by the STATE Bar of Texas fined 250 thousand and his Professional licensing be Bar from U.S.A in all "law and Orders" same with D.A Dale. Hanna. 249th Judizial District Court of Johnson. Co. City Cleburne. Tx: Order to correct CR: 30536 to orisanil sentence by Judge Blackwell Feb-23-1995 Simple Assault. The 25 Million from the STATE OF TEXAS et. al for the falsely imersonment 21 month "and for not": Circuit Judge's doing their Jobis in office: Worst alternative to a negotiated dealing with John. Key law firm. are enough STATE's law firm.

Sincerely,
Fredie Monroe Pickett. 25   F. M. P
Thank You